UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA, CDCR #J-48500,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JUDGE JUDITH MCCONNELL, JUDGE WILLIAM S. DATO, JUDGE JERRY BRYON O'ROURKE,<br><br>　　　　　　　　　　　　　Defendants. | Case No.: 3:24-cv-00208-WQH-MMP<br><br>**ORDER DENYING MOTION TO VACATE**<br><br>[ECF No. 11] |

HAYES, Judge:

　　On January 29, 2024, Plaintiff Steve Wayne Bonilla, currently incarcerated at California Medical Facility in Vacaville, California, and proceeding pro se, filed a civil rights complaint in this Court pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff is a serial litigant, who continually seeks to have his Alameda County criminal judgment and death sentence declared "void." *Id.* at 7. Plaintiff claims he is actually innocent, falsely imprisoned, and entitled to compensatory damages because the named Defendants, all justices sitting on the California Court of Appeal, Division 4, have denied him due process by failing to set aside his conviction. *Id.* at 3.

　　On March 18, 2024, the Court denied Plaintiff's motions to proceed in forma pauperis ("IFP") as barred by 28 U.S.C. § 1915(g), dismissed his case sua sponte as

1

frivolous pursuant to 28 U.S.C. § 1915A(b) and entered a final judgment of dismissal. (ECF Nos. 6, 7.)

On June 11, 2024, Plaintiff filed a Motion to Vacate a Void Judgment. (ECF No. 11.) In it, Plaintiff repeats the same allegations raised in his Complaint. He contends he is the victim of a malicious prosecution, and a host of judges have conspired with prosecutors to falsely imprison him; therefore, both this Court's March 18, 2024 judgment must be set aside, and his Alameda County Superior Court conviction declared void. *Id.* at 2–5.

## I. MOTION TO VACATE

### A. Standard of Review

A motion to alter or amend a judgment is construed under Rule 59(e) if it is filed within 28 days of entry of judgment; otherwise, it is considered under Rule 60(b) as a motion for relief from a judgment or order. *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001). Because Plaintiff's motion was filed more than 28 days after the March 18, 2024 judgment, the Court will considered it as brought pursuant to Rule 60(b). *Id.*

"Rule 60(b) allows for relief from a final judgment, order, or proceeding for any of six reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason that justifies relief." *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 31 F.4th 1124, 1136 (9th Cir. 2022) (citing *Hanson v. Shubert*, 968 F.3d 1014, 1017 n.1 (9th Cir. 2020) (citation and internal quotation marks omitted)). The moving party "bears the burden of proving the existence of a justification for Rule 60(b) relief." *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988); *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1130–31 (E.D. Cal. 2001). That party must show "more than a disagreement with the Court's decision[;] recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Westlands Water*, 134 F. Supp. 2d at 1131 (cleaned up).

**B.     Discussion**

Plaintiff does not specify whether he seeks to set aside the Court's March 18, 2024 judgment pursuant to Rule 60(b)(1), (2), (3), (4), (5), or (6). Instead, he repeats claims that because his criminal conviction was the result of collusion between the FBI and the State, it must be "pronounced a nullity" by the judges he has named as defendants. (ECF No. 11 at 2.) Therefore, the Court liberally construes Plaintiff's motion to seek relief either pursuant to Rule 60(b)(4), based on claims that its judgment dismissing his complaint is "void," *see United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010), or pursuant to Rule 60(b)(1) based on the Court's "mistake[s]." *See Kemp v. United States,* 596 U.S. 528, 533–34 (2022).

"As a matter of text, structure, and history, … a 'mistake' under Rule 60(b)(1) includes a judge's errors of law." *Id.*; *United States v. Ehmer*, 87 F.4th 1073, 1091 (9th Cir. 2023); *see also Bailey v. Santa Clara Cty. Superior Ct.*, No. 21-cv-00279-HSG, 2021 WL 2302726, at *2 (N.D. Cal. May 6, 2021) (construing Plaintiff's claims that the Court erred in dismissing his action pursuant to Fed. R. Civ. P. 60(b)(1)). Rule 60(b)(1) allows courts to relieve a party from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect." Such mistakes include a court's substantive errors of law or fact. *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004).

Rule 60(b)(4), on the other hand, "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or opportunity to be heard." *United Student Aid Funds*, 559 U.S. at 271; *see also United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999) (recognizing that a "final judgment is 'void' for purposes of Rule 60(b)(4) only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law"). In considering allegations of a jurisdictional defect, the generally accepted standard is that relief under Rule 60(b)(4) should be reserved "only for the exceptional case in which the court that rendered the judgment lacked even an arguable basis for jurisdiction." *United*

*Student Aid Funds*, 559 U.S. at 271. As discussed below, Plaintiff fails to show either that the Court's March 18, 2024 judgment is void, or that the Court committed any mistake in dismissing his Complaint.

First, Plaintiff does not allege and cannot show this Court lacked subject matter jurisdiction over his Complaint, which was filed pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1 at 1.) Section 1343(a)(3) of Title 28 of the United States Code provides that district courts have original jurisdiction over "any civil action authorized by law … [t]o redress the deprivation, under color of any State law … of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens … within the jurisdiction of the United States[.]" 28 U.S.C. § 1343(a)(3). Courts have described this paragraph as the "jurisdictional counterpart to § 1983[.]" *Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 107 n.4 (1989); *Tongol v. Usery*, 601 F.2d 1091, 1099 (9th Cir. 1979). Therefore, to the extent Plaintiff seeks to set aside this Court's judgment as void pursuant to Rule 60(b)(4), his motion lacks merit.

Second, to obtain relief under Rule 60(b)(1), Plaintiff "must show that the district court committed a specific error." *Straw v. Bowen*, 866 F.2d 1167, 1172 (9th Cir. 1989). It does not provide him with a "new opportunity to present legal argument or evidence that could have been presented in response to the underlying dispositive motion." *Wallace v. Live Nation Worldwide, Inc.*, No. 20-cv-799-RSM, 2021 WL 4033771, at *2 (W.D. Wash. Sept. 3, 2021). Nor may a Rule 60(b)(1) motion be used to ask a court "to rethink what the court ha[s] already thought through—rightly or wrongly." *Schertzer v. Bank of America, N.A*, No. 3:19-cv-0264-JM-MSB, 2021 WL 5849822, at *1 (S.D. Cal. Dec. 9, 2021) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Plaintiff's motion merely repeats the same claims as his original Complaint. While he continues to insist his underlying criminal conviction is invalid, he points to no substantive error of law or fact in the Court's March 18, 2024 Order of dismissal. *See Kemp*, 536 U.S. at 534 (noting that for Rule 60(b)(1) purposes, a "mistake" includes a "fault in opinion or judgment"). Indeed, Plaintiff fails to address the Court's conclusion—

that he is barred from proceeding IFP by 28 U.S.C. § 1915(g). (*See* ECF No. 6 at 2–6.) Therefore, to the extent Plaintiff seeks to set aside this Court's March 18, 2024 judgment of dismissal pursuant to Rule 60(b)(1), relief is not warranted.

## II.   CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's Motion to Vacate a Void Judgment (ECF No. 11), **DIRECTS** the Clerk to again close the file, and to accept no further documents for filing in this closed case, except for a timely-filed Notice of Appeal, which the Court **RE-CERTIFIES** would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

Dated:  June 24, 2024

Hon. William Q. Hayes
United States District Court